Robert O. Whyte (SBN 130021)
Christina A. Dondero (SBN 230616)
**NIESAR & WHYTE, LLP**
90 New Montgomery Street, 9th Floor
San Francisco, California 94105
Telephone: (415) 882-5300
Facsimile: (415) 882-5400

Attorneys for Plaintiff/Counter-Defendant
Thomas Anderson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>WORLDWATER & SOLAR TECHNOLOGIES CORP., a Delaware corporation, formerly known as WORLDWATER & POWER CORP., a Delaware corporation; QUENTIN T. KELLY, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>WORLDWATER & SOLAR TECHNOLOGIES CORP., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>THOMAS ANDERSON, an individual,<br><br>Counter-Defendant. | Case No.: 07 CV 6372 EMC<br><br>**ANSWER TO COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff and Counter-Defendant Thomas Anderson ("Anderson") in answering the allegations contained in Defendant/Counterclaimant WorldWater & Solar Technologies Corp.'s ("WorldWater") counterclaim (the "Counterclaim"), admits, denies and alleges as follows:

ANSWER TO COUNTERCLAIM.................................................................07 CV 6372 EMC

E 24709v1

1. In response to paragraph 1 of the Counterclaim, Anderson on information and belief, admits that WorldWater is a Delaware corporation, but lacks information sufficient to form a belief as to WorldWater's remaining allegations in paragraph 1 and on that basis denies each and every remaining allegation in WorldWater's paragraph number 1.

2. Anderson admits the allegations of paragraph 2 of the Counterclaim.

3. Anderson admits the allegations of paragraph 3 of the Counterclaim.

4. In response to paragraph 4 of the Counterclaim, Anderson admits that the Court has subject matter jurisdiction over WorldWater's counterclaim against Anderson on the basis of diversity of citizenship, and except as admitted, Anderson denies each and every remaining allegation in WorldWater's paragraph number 4.

5. Anderson admits the allegations of paragraph 5 of the Counterclaim.

6. In response to paragraph 6 of the Counterclaim, Anderson admits that WorldWater is an international solar engineering and water management company using high-powered solar technology to provide solutions to problems consistent with water supply and energy demands, and except as admitted, Anderson lacks information sufficient to form a belief as to WorldWater's remaining allegations in paragraph 6 and on that basis denies each and every remaining allegation in WorldWater's paragraph number 6.

7. In response to paragraph 7 of the Counterclaim, Anderson admits that on or about February 5, 2003 in the City of Mill Valley, Marin County, California, Anderson and WorldWater memorialized their agreement in writing and entered into a certain Letter Agreement wherein WorldWater and Anderson agreed that Anderson would represent WorldWater in marketing Aquamax to what is commonly known as the "winery industry" throughout the State of California, and except as admitted, Anderson denies each and every remaining allegation in WorldWater's paragraph number 7.

8. In response to paragraph 8 of the Counterclaim, Anderson admits that Worldwater and Anderson agreed that Anderson would represent WorldWater in marketing Aquamax to what is commonly known as the "winery industry" throughout the State of California, and Anderson

admits the Letter Agreement states Anderson may be asked or may volunteer to participate in sales or projects other than those involving Anderson's winery industry market, and except as admitted, Anderson denies each and every remaining allegation in WorldWater's paragraph number 8.

9. In response to paragraph 9 of the Counterclaim, Anderson admits that the Letter Agreement states "During and for a period of one year after your representation status with WWC, you agree to keep confidential any and all confidential or non-public Company documents trade secrets and other information including, but not limited to, patent work, engineering drawings, product designs, R&D results, clients lists, pricing strategy, product cost data, proprietary technical information, corporate policies and procedures, and corporate marketing and financial plans and strategies. In the event your representation ceases for any reason, all documents owned by the Company shall be returned to the Company", and except as admitted, Anderson denies each and every remaining allegation in WorldWater's paragraph number 9.

10. In response to paragraph 10 of the Counterclaim, Anderson lacks information sufficient to form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every allegation in WorldWater's paragraph number 10.

11. In response to paragraph 11 of the Counterclaim, Anderson admits that defendant Quentin Kelly ("Kelly") introduced Anderson to Thomas O'Brien ("O'Brien") by telephone in or about late 2001 and that pursuant to instructions from Kelly for Anderson to provide financing quote support for O'Brien, Anderson attended the Baker Ranch and Joshua Basin projects, and as admitted, Anderson denies each and every remaining allegation in WorldWater's paragraph number 11.

12. In response to paragraph 12 of the Counterclaim, Anderson lacks information sufficient to form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every allegation in WorldWater's paragraph number 12.

13. In response to paragraph 13 of the Counterclaim, Anderson lacks information sufficient to form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every allegation in WorldWater's paragraph number 13.

-3-

14. In response to paragraph 14 of the Counterclaim, Anderson lacks information sufficient to form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every allegation in WorldWater's paragraph number 14.

15. In response to paragraph 15 of the Counterclaim, Anderson lacks information sufficient to form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every allegation in WorldWater's paragraph number 15.

16. Anderson denies the allegations of paragraph 16 of the Counterclaim.

17. In response to paragraph 17 of the Counterclaim, Anderson lacks information sufficient to form a belief as to the truth of WorldWater's allegations as they pertain to whether O'Brien misappropriated WorldWater's trade secrets and competed unfairly with WorldWater, and on that basis denies that allegation in WorldWater's paragraph number 17. With respect to the remaining allegations in WorldWater's paragraph number 17 that Anderson knew about, intended, and agreed to such misappropriation, as follows in sub-paragraphs a.-h., Anderson denies each and every remaining allegation in WorldWater's paragraph number 17, including sub-paragraphs a.-h.

18. In response to paragraph 18 of the Counterclaim, Anderson lacks information sufficient to form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every allegation in WorldWater's paragraph number 18.

19. Anderson denies the allegations of paragraph 19 of the Counterclaim.

20. In response to paragraph 20 of the Counterclaim, Anderson lacks information sufficient to form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every allegation in WorldWater's paragraph number 20.

21. Anderson denies the allegations of paragraph 21 of the Counterclaim.

22. In response to paragraph 22 of the Counterclaim, Anderson lacks information sufficient to form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every allegation in WorldWater's paragraph number 22.

23. In response to paragraph 23 of the Counterclaim, with respect to the first sentence contained in paragraph number 23, Anderson lacks information sufficient to form a belief as to

the truth of WorldWater's allegations, and on that basis denies each and every allegation in the first sentence to WorldWater's paragraph number 23. With respect to the second sentence of paragraph number 23, Anderson denies that in late 2006 and early 2007 he had ceased to be a marketing representative of WorldWater.

24. Anderson restates his answers to paragraphs 1-23 of the Counterclaim as and for his answer to paragraph 24.

25. In response to paragraph 25 of the Counterclaim, Anderson admits that on or about February 5, 2003 in the City of Mill Valley, Marin County, California, Anderson and WorldWater memorialized their agreement in writing and entered into a certain Letter Agreement wherein Worldwater and Anderson agreed that Anderson would represent WorldWater in marketing Aquamax to what is commonly known as the "winery industry" throughout the State of California, and except as admitted, Anderson denies each and every remaining allegation in WorldWater's paragraph number 25.

26. In response to paragraph 26 of the Counterclaim, Anderson admits that the Letter Agreement states "During and for a period of one year after your representation status with WWC, you agree to keep confidential any and all confidential or non-public Company documents trade secrets and other information including, but not limited to, patent work, engineering drawings, product designs, R&D results, clients lists, pricing strategy, product cost data, proprietary technical information, corporate policies and procedures, and corporate marketing and financial plans and strategies. In the event your representation ceases for any reason, all documents owned by the Company shall be returned to the Company", and except as admitted, Anderson denies each and every remaining allegation in WorldWater's paragraph number 26.

27. Anderson denies the allegations of paragraph 27 of the Counterclaim.

28. Anderson denies the allegations of paragraph 28 of the Counterclaim.

29. Anderson denies the allegations of paragraph 29 of the Counterclaim.

30. Anderson restates his answers to paragraphs 1-35 of the Counterclaim as and for his answer to paragraph 30.

31. In response to paragraph 31 of the Counterclaim, Anderson admits that on or about

1  February 5, 2003 in the City of Mill Valley, Marin County, California, Anderson and
2  WorldWater memorialized their agreement in writing and entered into a certain Letter Agreement
3  wherein Worldwater and Anderson agreed that Anderson would represent WorldWater in
4  marketing Aquamax to what is commonly known as the "winery industry" throughout the State of
5  California, and except as admitted, Anderson denies each and every remaining allegation in
6  WorldWater's paragraph number 31.

7      32.    Anderson admits that implied in the Letter Agreement is a covenant of good faith
8  and fair dealing wherein WorldWater and Anderson agreed that no one would do any acts that
9  would have the effect of frustrating or preventing any party's enjoyment of the benefits of the
10  Letter Agreement, including Anderson's entitlement to receive compensation, by among other
11  things, exercising stock options to purchase shares of WorldWater common stock (the "Stock") as
12  follows:
13      a.  For the year 2003:    Options to purchase 60,000 shares at $0.15 per share
14      b.  For the year 2004:    Options to purchase 60,000 shares at $0.132 per share
15      c.  For the year 2005:    Options to purchase 60,000 shares at $0.30 per share.
16      ("Options").

17      33.    Anderson denies the allegations of paragraph 33 of the Counterclaim.
18      34.    Anderson denies the allegations of paragraph 34 of the Counterclaim.
19      35.    Anderson denies the allegations of paragraph 35 of the Counterclaim.
20      36.    Anderson restates his answers to paragraphs 1-35 of the Counterclaim as and for
21  his answer to paragraph 36 of the Counterclaim.
22      37.    In response to paragraph 37 of the Counterclaim, Anderson admits that on or about
23  February 5, 2003 in the City of Mill Valley, Marin County, California, Anderson and
24  WorldWater memorialized their agreement in writing and entered into a certain Letter Agreement
25  wherein Worldwater and Anderson agreed that Anderson would represent WorldWater in
26  marketing Aquamax to what is commonly known as the "winery industry" throughout the State of
27  California, and Anderson admits that that the Letter Agreement states "During and for a period of
28  one year after your representation status with WWC, you agree to keep confidential any and all

-6-

ANSWER TO COUNTERCLAIM....................................................................................07 CV 6372 EMC

1  confidential or non-public Company documents trade secrets and other information including, but
2  not limited to, patent work, engineering drawings, product designs, R&D results, clients lists,
3  pricing strategy, product cost data, proprietary technical information, corporate policies and
4  procedures, and corporate marketing and financial plans and strategies.  In the event your
5  representation ceases for any reason, all documents owned by the Company shall be returned to
6  the Company", and except as admitted, Anderson denies each and every remaining allegation in
7  WorldWater's paragraph number 37.

8      38.     Anderson denies the allegations of paragraph 38 of the Counterclaim.
9      39.     Anderson denies the allegations of paragraph 39 of the Counterclaim.
10     40.     Anderson denies the allegations of paragraph 40 of the Counterclaim.
11     41.     Anderson restates his answers to paragraphs 1-40 of the Counterclaim as and for
12  his answer to paragraph 41.
13     42.     In response to paragraph 42 of the Counterclaim, lacks information sufficient to
14  form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every
15  allegation in WorldWater's paragraph number 42.
16     43.     In response to paragraph 43 of the Counterclaim, lacks information sufficient to
17  form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every
18  allegation in WorldWater's paragraph number 43.
19     44.     Anderson denies the allegations of paragraph 44 of the Counterclaim.
20     45.     Anderson denies the allegations of paragraph 45 of the Counterclaim.
21     46.     Anderson denies the allegations of paragraph 46 of the Counterclaim.
22     47.     Anderson restates his answers to paragraphs 1-46 of the Counterclaim as and for
23  his answer to paragraph 47.
24     48.     In response to paragraph 48 of the Counterclaim, lacks information sufficient to
25  form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every
26  allegation in WorldWater's paragraph number 48.
27     49.     In response to paragraph 49 of the Counterclaim, lacks information sufficient to
28  form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every

allegation in WorldWater's paragraph number 49.

50.  In response to paragraph 50 of the Counterclaim, lacks information sufficient to form a belief as to the truth of WorldWater's allegations, and on that basis denies each and every allegation in WorldWater's paragraph number 50.

51.  Anderson denies the allegations of paragraph 51 of the Counterclaim.

52.  Anderson denies the allegations of paragraph 52 of the Counterclaim.

53.  Anderson denies the allegations of paragraph 53 of the Counterclaim.

54.  Anderson restates his answers to paragraphs 1-53 of the Counterclaim as and for his answer to paragraph 54.

55.  Anderson denies the allegations of paragraph 55 of the Counterclaim.

56.  Anderson denies the allegations of paragraph 56 of the Counterclaim.

57.  Anderson denies the allegations of paragraph 57 of the Counterclaim.

58.  Anderson restates his answers to paragraphs 1-57 of the Counterclaim as and for his answer to paragraph 58.

59.  Anderson denies the allegations of paragraph 59 of the Counterclaim.

60.  Anderson denies the allegations of paragraph 60 of the Counterclaim.

## AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim and each any every purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Anderson.

### SECOND AFFIRMATIVE DEFENSE

Anderson's performance under the contract herein concerned was and is excused by reason of WorldWater's failure to perform its obligations under the contract.

### THIRD AFFIRMATIVE DEFENSE

Any claim based upon breach of contract is barred to the extent that WorldWater has failed to fulfill any contractual conditions precedent.

### FOURTH AFFIRMATIVE DEFENSE

Any claim based upon breach of contract is barred to the extent that WorldWater has failed to fulfill any contractual conditions subsequent.

### FIFTH AFFIRMATIVE DEFENSE

Any claim based upon breach of contract and/or breach of any alleged implied contract is barred to the extent that WorldWater has failed to fulfill any contractual conditions concurrent.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim, and each cause of action thereof, is barred upon application of equitable principles of waiver, estoppel, latches, unclean hands and/or ratification.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim, and each cause of action thereof, is barred by reason of a material failure of consideration with respect to the subject matter of any agreement by and between the parties.

### EIGHTH AFFIRMATIVE DEFENSE

WorldWater's Counterclaim is barred by the rights of setoff and offset.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaim, and each cause of action thereof, is barred to the extent WorldWater breached the implied covenant of good faith and fair dealing.

### TENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred to the extent WorldWater fraudulently induced Anderson to enter into any alleged contract or agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

Any claim based upon an alleged breach of contract is barred to the extent WorldWater anticipatorily breached any alleged contract or agreement.

### TWELFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred to the extent WorldWater made: intentional and/or negligent misrepresentations; false promises with the intent to not perform; and concealed and/or suppressed material facts to Anderson to induce it to enter into any alleged contract or agreement.

### THIRTEENTH AFFIRMATIVE DEFENSE

Because of WorldWater's breaches of contract, fraud and misrepresentations, and other violations of California law, any alleged contract or agreement is voidable solely and exclusively by Anderson.

### FOURTEENTH AFFIRMATIVE DEFENSE

Anderson is informed and believes, and on that basis alleges, that WorldWater's counterclaim was not filed with reasonable cause or in the good faith belief that there was a justified controversy or injury to WorldWater under the facts and law which warranted WorldWater's filing of the Counterclaim against Anderson.

### FIFTEENTH AFFIRMATIVE DEFENSE

Anderson incorporates and realleges each and every claim for relief set forth in the Complaint on file herein, which allegations and relief are a complete defense to WorldWater's Counterclaim.

### SIXTEENTH AFFIRMATIVE DEFENSE

Anderson is entitled to express and equitable indemnity from third parties and/or WorldWater for any alleged damages, attorneys' fees, or costs allegedly suffered by WorldWater because other persons, including WorldWater are solely or partly responsible for the actions alleged to have been under taken by Anderson.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred to the extent that WorldWater failed to comply with the qualifications and notice requirements under Section 25110 with respect to the Options.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred and/or recovery, if any, from Anderson must be reduced or eliminated in total because other persons are solely or partly responsible any alleged damages because WorldWater and/or other third parties acting with the consent or knowledge of WorldWater, solicited Anderson to act in the manner alleged in the Counterclaim, and as a result, WorldWater's recovery, if any, from Anderson must be reduced accordingly or eliminated in total.

-10-

### NINETEENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred and/or recovery, if any, from Anderson must be reduced or eliminated in total because other persons are solely or partly responsible for any alleged damages of Worldwater.

### TWENTIETH AFFIRMATIVE DEFENSE

Anderson has insufficient information or knowledge upon which to form a belief as to whether it may have additional unstated affirmative defenses available to it, and thus reserves the right to assert additional affirmative defenses in the event it determines that additional affirmative defenses are available to it.

WHEREFORE, Anderson prays for judgment against WorldWater on the Counterclaim as follows:

1. That WorldWater take nothing by way of its Counterclaim;
2. For its costs of suit herein, including reasonable attorney's fees and expenses;
3. For such other and further relief as the Court may deem proper.

DATED: January 17, 2008                NIESAR & WHYTE, LLP


By:___/s/_____
　　Robert O. Whyte
　　Attorneys for Plaintiff/Counter-Defendant
　　Thomas Anderson