1  Robert O. Whyte (SBN 130021)
   Christina A. Dondero (SBN 230616)
2  **NIESAR & WHYTE, LLP**
   90 New Montgomery Street, 9th Floor
3  San Francisco, California 94105
   Telephone: (415) 882-5300
4  Facsimile: (415) 882-5400
   Attorneys for Plaintiff/Counter-Defendant
5  Thomas Anderson

6  **LATHAM & WATKINS LLP**
   Kenneth M. Fitzgerald (Bar No. 142505)
7  Robert S. Huie (Bar No. 237374)
   600 West Broadway, Suite 1800
8  San Diego, California 92101-3375
   Telephone: (619) 236-1234
9  Facsimile:  (619) 696-7419
10 Attorneys for Defendants/Counter-Claimant
   WorldWater & Solar Technologies Corp. and
11 Quentin T. Kelly

12               UNITED STATES DISTRICT COURT

13       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

14

| | |
|---|---|
| THOMAS ANDERSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WORLDWATER & SOLAR TECHNOLOGIES CORP., a Delaware corporation, formerly known as WORLDWATER & POWER CORP., a Delaware corporation; QUENTIN T. KELLY, an individual; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: 07 CV 6372 EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** |
| WORLDWATER & SOLAR TECHNOLOGIES CORP., a Delaware corporation,<br><br>　　　　Counterclaimant,<br><br>v.<br><br>THOMAS ANDERSON, an individual,<br>　　　　Counter-Defendant. | |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER ................07 CV 6372 EMC

E 24709v1

Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-9(a), Plaintiff/Counter-Defendant Thomas Anderson ("Anderson"), Defendant/Counter-Claimant WorldWater & Solar Technologies Corp.'s ("WorldWater"), and Defendant Quentin T. Kelly ("Kelly") (each occasionally hereinafter referred to as a "Party" and collectively as the "Parties") jointly submit this Joint Case Management Conference Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. Each Party certifies that its counsel met and conferred for the preparation of this Joint Case Management Conference Statement.

1.  **JURISDICTION AND SERIVCE**

There are no outstanding jurisdictional issues. All parties have been served.

2.  **FACTS**

   a.  **Anderson's chronology of the facts:**

On or about February 5, 2003 in the City of Mill Valley, Marin County, California, Anderson and Kelly, on behalf of WorldWater, entered into a certain Letter Agreement (hereinafter referred to as "Letter Agreement") wherein WorldWater and Anderson agreed that Anderson would represent WorldWater in marketing Aquamax to what is commonly known as the "winery industry" throughout the State of California. Pursuant to the Letter Agreement, Anderson was to have received stock options to purchase shares of WorldWater common stock (the "Stock") as follows:

```
For the year 2003:    Options to purchase 60,000 shares at $0.15 per share
For the year 2004:    Options to purchase 60,000 shares at $0.132 per share
For the year 2005:    Options to purchase 60,000 shares at $0.30 per share
```

The above-described stock options are sometimes referred to herein collectively as the "Options."

The total purchase price that would be payable by Mr. Anderson upon exercise of all of the Options is:

```
60,000 times $0.15   =   $ 9,000
60,000 times $0.132  =   $ 7,920
60,000 times $0.30   =   $18,000
          Total:         $34,920
```

Anderson made several requests by telephone and email for the paperwork necessary to receive the Options. Despite making numerous requests to WorldWater for the paperwork necessary to receive the Options, WorldWater refused and failed to provide Anderson with the

1  necessary paperwork to do so, thereby preventing Anderson from completing the process of
2  exercising the Options and effect a sale of his Stock.

3            **b.  Anderson's statement of the principal factual issues which are in dispute:**

4      1.  Anderson alleges that WorldWater breached the Letter Agreement by, among
5  other things:

6          i.  failing and refusing to provide Anderson with the necessary paperwork to exercise
7             the Options; and

8          ii.  failing and refusing to allow Anderson to complete his exercise of the Options,
9             thereby precluding Anderson from completing his exercise of the Options.

10      In addition, Anderson alleges that: WorldWater and Kelly committed certain acts of fraud
11  and securities transaction misrepresentations in connection with, among other things, their failure
12  and refusal to allow Anderson to exercise the Options and subsequently complete and/or effect a
13  sale of the Stock; and WorldWater failed to comply with the notice requirements of California
14  Corporations Code Section 25102(o) of the Corporate Securities Law of 1968 in order for the
15  Options to be exempt from the qualification requirement of Section 25110 of the California
16  Corporations Code.

17      In its counterclaim, WorldWater claims that Anderson breached his fiduciary duty and
18  acted as co-conspirator with a third party by the name of Thomas O'Brien to misappropriate
19  WorldWater's alleged trade secrets.

20            **c.  WorldWater and Kelly's chronology of the facts:**

21      Anderson entered into a Letter Agreement with WorldWater on February 5, 2003, in
22  which Anderson agreed to act as WorldWater's representative in marketing WorldWater's
23  products, including in the winery industry, and in which Anderson agreed to protect
24  WorldWater's confidential information and trade secrets. The Letter Agreement provided for
25  certain compensation as consideration for a successful sale. During the term of the Letter
26  Agreement, Anderson did not effect or close any successful sale. Instead, despite promising to act
27  as WorldWater's marketing representative, Anderson secretly took steps to assist sales of solar
28  projects by WorldWater's competitors, and to assist in the misappropriation of WorldWater's

confidential information, without informing WorldWater of his activities or of these business opportunities.

    **d. WorldWater and Kelly's statement of the principal factual issues which are in dispute:**

   i. Whether Anderson closed a successful sale during the term of the Letter Agreement.

   ii. Whether Anderson, during the term of his Letter Agreement, surreptitiously acted to assist the sales of solar projects by WorldWater's competitors.

   iii. Whether Anderson, during the term of his Letter Agreement, acted in furtherance of a conspiracy to misappropriate WorldWater's trade secrets and confidential information.

   iv. Whether Anderson, had he been entitled to and received the stock options at issue, would have sold the resulting shares at their historic peak share price.

**3. LEGAL ISSUES:**

    **a. Anderson's statement regarding the principal legal issues in dispute**

   i. Whether WorldWater breached the Letter Agreement;

   ii. Whether WorldWater breached the implied covenant of good faith and fair dealing associated with the Letter Agreement;

   iii. Whether WorldWater and Kelly fraudulently concealed and suppressed material facts in connection with the Letter Agreement;

   iv. Whether WorldWater and Kelly fraudulently made intentional misrepresentations to Anderson in connection with the Letter Agreement;

   v. Whether WorldWater and Kelly made a false promise to Anderson in connection with the Letter Agreement;

   vi. Whether WorldWater and Kelly negligently misrepresented facts to Anderson in connection with the Letter Agreement;

   vii. Whether WorldWater committed various acts of securities misrepresentations to Anderson in connection with the Letter Agreement; and

   viii. Whether Kelly is jointly and severally liable to Anderson as a management principal of WorldWater and for materially assisting WorldWater in regard to WorldWater's

various acts of securities misrepresentations to Anderson in connection with the Letter Agreement.

    **b. WorldWater and Kelly's statement regarding the principal legal issues in dispute**

  i. Whether Anderson failed to perform under the Letter Agreement.

  ii. Whether Anderson breached the Letter Agreement, his fiduciary duties, and other duties he owed to WorldWater by secretly providing assistance to WorldWater's competitors.

  iii. Whether Anderson breached the Letter Agreement, his fiduciary duties, and other duties he owed to WorldWater by participating in a conspiracy to misappropriate WorldWater's trade secrets.

  iv. Whether statements that WorldWater allegedly made to Anderson regarding the stock options at issue are actionable.

**4. MOTIONS**

    **a. Prior motions**
      i. WorldWater and Kelly's Request to Appear Telephonically at Case Management Conference (granted);
      ii. No other motions have been filed at this time.

    **b. Pending motions** - None

    **c. Anticipated motions**
      i. Anderson – None at this time
      ii. WorldWater and Kelly – Possible motion for summary judgment

**5. AMENDMENT OF PLEADINGS**

    a. The pleadings have not been amended at this time.

**6. EVIDENCE PRESERVATION**

    **a. Anderson** – With respect to this litigation, Anderson has taken steps to preserve documents, including electronically stored correspondence and information such as e-mails that relate in any way to the subject matter of this litigation.

    **b. WorldWater and Kelly** - WorldWater has issued a litigation hold to all persons within WorldWater who are reasonably likely to have any documents or other tangible things

relevant to the claims or defenses in this action.

7. **DISCLOSURES**

The parties certify that there has been full and timely compliance with the disclosure requirements of Fed. R. Civ. Proc. 26, including but not limited to, a complete disclosure of the witnesses, documents, damages and insurance, if any, known by the parties at this time.

8. **DISCOVERY**

a. **Discovery taken to date by both parties:** None at this time.

b. **Scope of anticipated discovery by both parties:** In order to facilitate mediation and reduce attorneys' fees and costs, the Parties have agreed to limit pre-mediation discovery to Interrogatories and Requests for Production of Documents, and defer party and third party non-expert depositions, expert depositions, and subpoenas until after mediation.

c. **Limitations or modifications of the discovery rules:**

At this time, the Parties do not believe it is necessary to modify the limitations set forth in the Federal Rules of Civil Procedure regarding discovery. If, at any point, the Parties believe that additional interrogatories, fact depositions, expert depositions, or requests for admission are necessary, the Parties will meet and confer and attempt to resolve the matter by stipulation and order to be submitted to the Court. If unable to agree, the Parties reserve their rights to seek Court approval to serve additional discovery.

d. **Proposed discovery plan:**

The Parties have entered into an agreement to limit discovery to Interrogatories and Requests for Production of Documents prior to mediation before the Honorable Rebecca Westerfield of JAMS (in May 2008), and defer party and third party non-expert depositions, expert depositions, and subpoenas until after mediation. Further, the Parties propose that non-expert and expert discovery, including service and responses to interrogatories, document requests, requests for admission and non-expert and expert depositions shall be completed by December 31, 2008.

9. **CLASS ACTIONS** Not applicable

10. **RELATED CASES** Not applicable

**11.    RELIEF**

    **a.    Damages sought from Anderson in the Complaint:**

From the time WorldWater and Anderson entered into the Letter Agreement, the Stock has traded as high as $2.515 per share. Had WorldWater honored its obligations pursuant to the Letter Agreement and allowed Anderson to exercise the Options, Anderson would have been able to effect a sale thereof at or about $2.50 per share or for a total of at least $450,000. Furthermore, had WorldWater allowed Anderson to exercise the Options, the total purchase price that Anderson would pay in exercising the Options would be $34,920. Consequently, WorldWater's refusal and failure to provide Anderson with the necessary paperwork to exercise the Options, allow Anderson to complete the process of exercising the Options, and thereby complete his exercise of the Options and subsequent sale of the Stock issuable upon such exercise has cost Anderson $415,080 in compensation to which he was entitled pursuant to the Letter Agreement.

    **b.    Damages sought from WorldWater and Kelly in the Counterclaim**

Anderson's computation of damages is based on his theory that, if he had exercised the 180,000 stock options that are the subject of the complaint, he would have sold the resulting shares near their historic peak share price. Anderson's theory is pure speculation, and appears to be without factual support. WorldWater and Kelly cannot at this time specify precisely the dollar value that would be appropriate in the event that said defendants are found liable to Anderson, without taking discovery of Anderson, and without the assistance of experts.

WorldWater's damages against Anderson include, without limitation, the profits that WorldWater would have made had Anderson fulfilled his duties to WorldWater by bringing business opportunities to WorldWater rather than to WorldWater's competitors. WorldWater is continuing to investigate the scope of these diverted business opportunities. WorldWater cannot at this time specify precisely the dollar figures of its damages without discovery and the assistance of experts, and additional measures of damages may arise as discovery proceeds.

**12.    SETTLEMENT AND ADR**

    **a.    Prospects for Settlement** The prospects for settlement are unknown at this time.

    **b.    ADR efforts to date** None.

     **c. ADR plan for the case** Complete private mediation by June 5, 2008, as ordered by this Court.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

    a. The parties consent to assignment of this case to a United States Magistrate Judge for all further proceedings.

14. **OTHER REFERENCES** – Not applicable

15. **NARROWING OF ISSUES** – Not at this time

16. **EXPEDITED SCHEDULE** - No

17. **SCHEDULING**[1]

    i. Designation of experts – November 5, 2008 (rebuttal experts 12/5/2008)

    ii. Discovery cutoff – November 3, 2008

    iii. Hearing of dispositive motions – Filed by January 12, 2008 with a hearing date commensurate with the Local Rules of Court and the Federal Rules of Civil Procedure.

    iv. Pretrial conference – February 9, 2009

    v. Trial – March 9, 2009

18. **TRIAL**[2]

    i. Jury Demand? YES by Anderson

    ii. Expected length – 7-10 days

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON** None at this time.

20. **OTHER** The Parties intend to submit to this Court a proposed Stipulated Protective Order to protect confidential information requested in the course of discovery.

Dated: March 19, 2008          **NIESAR & WHYTE LLP**

By: /s/ Robert O. Whyte
ROBERT O. WHYTE
**NIESAR & WHYTE** LLP
Attorneys for Plaintiff/Counter-Defendant
Thomas Anderson

---

[1] Alternatively, the Parties request that the Court schedule a further Case Management Conference in June 2008 following mediation in May 2008.

[2] Alternatively, the Parties request that the Court schedule a further Case Management Conference in June 2008 following mediation in May 2008.

| | | |
|---|---|---|
| 1 | Dated: March 19, 2008 | **LATHAM & WATKINS LLP** |
| 2 | | By: /s/ Robert S. Huie |
| 3 | | ROBERT S. HUIE<br>**LATHAM & WATKINS LLP** |
| 4 | | Attorneys for Defendant/Counter-Claimant<br>WorldWater & Solar Technologies Corp. and |
| 5 | | Quentin T. Kelly |

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____    _____
                              The Honorable Edward M. Chen