Robert O. Whyte (SBN 130021)
Christina A. Dondero (SBN 230616)
**NIESAR & WHYTE, LLP**
90 New Montgomery Street, 9th Floor
San Francisco, California 94105
Telephone: (415) 882-5300
Facsimile: (415) 882-5400
Attorneys for Plaintiff/Counter-Defendant
Thomas Anderson

**LATHAM & WATKINS LLP**
Kenneth M. Fitzgerald (Bar No. 142505)
Robert S. Huie (Bar No. 237374)
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: (619) 236-1234
Facsimile: (619) 696-7419
Attorneys for Defendants/Counter-Claimant
WorldWater & Solar Technologies Corp. and
Quentin T. Kelly

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS ANDERSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WORLDWATER & SOLAR TECHNOLOGIES CORP., a Delaware corporation, formerly known as WORLDWATER & POWER CORP., a Delaware corporation; QUENTIN T. KELLY, an individual; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No.: 07 CV 6372 EMC<br><br>**STIPULATED PROTECTIVE ORDER RELATING TO DISCOVERY** |
| WORLDWATER & SOLAR TECHNOLOGIES CORP., a Delaware corporation,<br><br>　　　　　Counterclaimant,<br><br>v.<br><br>THOMAS ANDERSON, an individual,<br>　　　　　Counter-Defendant. | |

Pursuant to an agreement between Plaintiff/Counter-Defendant Thomas Anderson ("Anderson"), Defendant/Counter-Claimant WorldWater & Solar Technologies Corp.'s ("WorldWater"), and Defendant Quentin T. Kelly ("Kelly") (each occasionally hereinafter referred to as a "Party" and collectively as the "Parties"), the Court hereby enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(7):

1. Certain documents, information or things to be produced in this matter in response to a subpoena or discovery request by a party (the "Requesting Party") may contain confidential or commercially sensitive information. Any person or entity, including non-parties, producing such documents (the "Producing Party") may mark such documents as "Confidential" and those documents shall be treated as "Confidential Documents" at the time of their production or disclosure in this action.

    a. <u>Timing of Challenges</u>. Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    b. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer

-2-
STIPULATED PROTECTIVE ORDER RELATING TO DISCOVERY ...                    ..........07 CV 6372 EMC

process first.

    c.    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Producing Party in the meet and confer dialogue.

    The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

    2.    The parties, deponents and trial witnesses and their respective counsel may use the Confidential Documents solely for the purposes of the captioned proceedings, and may provide access to the Confidential Documents to the following persons on the following terms and conditions:

    a.    To Court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial;

    b.    Clerical personnel and paralegal assistants employed by counsel;

    c.    Employees of outside copy services used to make copies of discovery materials;

    d.    Consulting Experts, pursuant to Fed.R.Civ.P. 26(b)(4)(B), provided, however that any party who provides Confidential Documents to a Consulting Expert will obtain, a written acknowledgment from the Consulting Expert in the form of Exhibit A, in which that

expert agrees to be bound by the terms, and liable for any breach, of this Stipulated Protective Order Regarding Discovery;

    e.    Such other persons (including experts and their staffs) as may hereafter be qualified to receive the Confidential Documents pursuant to the provisions of Paragraph 3 of this Order; and

    f.    Such other parties to these proceedings as may hereafter be qualified to receive the Confidential Documents pursuant to the provisions of Paragraph 4 of the Order.

3.    In addition to the persons defined in the preceding paragraph, any other person, for example, an expert witness, who is reasonably necessary to assist any party or counsel of record in the preparation for any hearing in or trial in these proceedings, may be qualified to have access to Confidential Documents through the following procedures:

    a.    The Requesting Party or his/its counsel shall submit to the Producing Party a written statement setting forth the name of such proposed person(s), his or her occupation, and business address;

    b.    Unless the Producing Party notifies the Requesting Party or his/its counsel of any objection within five (5) business days after receipt of the submission of the written statement, such person shall thereafter be allowed to have access to Confidential Documents pursuant to the terms and conditions of this Order;

    c.    Should the Producing Party timely notify the Requesting Party or his/its counsel of its objection to any such proposed person, which objection shall be made in good faith and on reasonable grounds, that party shall refrain from any disclosure of Confidential Documents to such person until the objection has been resolved between the Requesting Party

and the Producing Party or ruled upon by the Court upon motion, which shall be filed by the Producing Party within three (3) business days of the objection;

        d.      Any person, prior to receiving Confidential Documents under Paragraph 3, shall be furnished with a copy of this Order and shall execute an acknowledgement in the form of Exhibit A reflecting the same and agreeing to be bound by its terms, and to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Documents or to this Order, including any proceeding relating to the enforcement of the Order. An original of each such acknowledgement shall be delivered to the Producing Party within seven (7) days of execution.

    4.      Any party or its counsel may provide access to the Confidential Documents to any other party in the captioned proceedings who requests such access, for use in connection with these proceedings, and the Requesting Party may provide access to the Confidential Documents to the following persons on the following terms and conditions:

        a.      Its officers and employees for the sole purpose of assisting counsel in connection with this action;

        b.      Counsel, including in-house counsel identified as witnesses to this case, and all partners and associates thereof who are performing legal services in connection with this action;

        c.      Court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial;

        d.      Clerical personnel and paralegal assistants employed by counsel for the

1 parties;

    e.    Employees of outside copy services used to make copies of discovery materials;

    f.    Such other persons (including experts and their staffs) as may hereafter be qualified to receive the Confidential Documents in this action pursuant to the provisions of Paragraph 3 of this Order.

5.    Confidential Documents shall be used only for the purpose of this action.

6.    Confidential Documents or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person qualified to have access under this Protective Order.

7.    Confidential Documents shall not include any document, information or other materials which:

    a.    has been or becomes part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party;

    b.    is not under law entitled to be treated as confidential; or

    c.    is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

8.    If Confidential Documents are disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately, or as soon

as practicable, bring all pertinent facts relating to such disclosure to the attention of the Producing Party and make every effort to prevent further disclosure.

9. Any person in possession of Confidential Documents shall exercise reasonable and appropriate care with regard to the storage, custody or use of such Confidential Documents in order to ensure that the confidential nature of the same is maintained.

10. Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Documents. A Party that seeks to file under seal any Confidential Documents must comply with Civil Local Rule 79-5.

11. Any deposition transcript that discloses the contents of or substantively discusses Confidential Documents shall not be provided to anyone that is not qualified to receive such Confidential Documents in this action pursuant to the provisions of Paragraph 3, 4 and/or 5 of this Order.

12. The obligations of this Order shall survive the termination of the action and continue to bind the parties and any person that is qualified to receive such Confidential Documents. Within sixty (60) days after the termination of this action by judgment, settlement or otherwise from which no appeal can be brought, each party shall return all documents containing or disclosing Confidential Documents to the Producing Party, or shall destroy all such documents. Notwithstanding any other provision of this paragraph, counsel for any Requesting Party shall have the right to retain Confidential Documents for archival purposes only, as well as a copy of pleadings, deposition transcripts and deposition or trial exhibits in its offices.

1  Dated: March 25, 2008

**NIESAR & WHYTE LLP**

By: /s/ Robert O. Whyte
    ROBERT O. WHYTE
    **NIESAR & WHYTE LLP**
    Attorneys for Plaintiff/Counter-Defendant
    Thomas Anderson

6  Dated: March 25, 2008

**LATHAM & WATKINS LLP**

By: /s/ Robert S. Huie
    ROBERT S. HUIE
    **LATHAM & WATKINS LLP**
    Attorneys for Defendant/Counter-Claimant
    WorldWater & Solar Technologies Corp. and
    Quentin T. Kelly

12  Date: March ___26___, 2008     IT IS SO ORDERED

The Honorable _____

*[Stamp: IT IS SO ORDERED — Judge Edward M. Chen — United States District Court, Northern District of California]*

**EXHIBIT A**
**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

    I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

    I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                 [printed name]

Signature: _____
              [signature]